UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

             Plaintiff,

    v.

SCOTT PETER COULIER,

             Defendant.

_____/

No. 1:25-CR-148

Hon. JANE M. BECKERING
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Scott Peter Coulier and the United States Attorney's Office for the Western District of Michigan.  The terms of the agreement are as follows:

1.    <u>Plea to Information.</u>  Defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Felony Information, charging conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

2.    <u>Defendant Understands the Crime.</u>  In order for Defendant to be guilty of violating Title 18, United States Code, Section 1349, the following must be true: (1) two or more persons conspired, or agreed, to commit the crime of wire fraud, that is, to use wire communications in interstate commerce to knowingly and intentionally carry out a scheme to defraud others of money or property through material misrepresentations or concealment of material facts; and (2) Defendant knowingly and voluntarily joined the conspiracy.  Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.    Defendant Understands the Penalty. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1349, is the following:  20 years of imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

4.    Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation.

a.    Assessment. Defendant agrees to pay the special assessment on the day of sentencing.

b.    Restitution. Defendant acknowledges the Court will order restitution as required by law. Defendant agrees that a crime against property under Tile 18 gave rise to this plea agreement. Pursuant to Title 18,  United States Code, Sections 3663A(a)(3), 3663A(c)(2) and 3663(a)(3), Defendant agrees to pay restitution for losses to all victims, including victims of the count of conviction and victims of uncharged relevant conduct in which Defendant has been involved, including all victims of the fraud scheme described in the factual basis and all similar schemes in which the defendant was involved, including those occurring before or after the scheme described herein. This includes victims who have not yet been identified or who are otherwise unknown to the government.  The parties currently believe that the applicable amount of restitution for the conspiracy is approximately $72,894.63 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.  Pursuant to Title 18, United States Code, Section 3664(h), the government agrees to seek apportionment of liability for

restitution owed by Defendant to Corporate Victim 1 in the amount of $20,000.00 to reflect his level of contribution to the loss, jointly and severally with his codefendants. The Court will determine the final amount at sentencing. The defendant agrees to pay at least $10,000 in restitution prior to sentencing by submitting funds to the Clerk of the Court. The parties agree that any prepayment of restitution will result in a commensurate reduction in the money judgment as more fully described in ¶ 5 below.

      c.     <u>Financial Cooperation</u>. Defendant also:

      i.  agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

      ii.  agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

      iii. agrees that prior to sentencing and until criminal monetary penalties are paid in full, he will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

5.    Asset Forfeiture and Financial Accountability. Defendant agrees to disclose to law enforcement officials the whereabouts of, the Defendant's ownership interest in, and all other information known to Defendant about, all assets, money or property of any kind, derived from or acquired as a result of, or used to facilitate the commission of Defendant's illegal activities.  Defendant agrees to assist and cooperate in the recovery of all monies, property, or assets derived from, or acquired as a result of the offense charged in the Felony Information.  Defendant further agrees to forfeit all rights, title, and interest in and to such items.

Defendant agrees to forfeit to the United States the sum of an amount to be determined by the Court and now estimated to be $20,000, which represents the proceeds Defendant obtained as a result of his involvement in the offense charged in the Felony Information.

Defendant consents to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).  Defendant acknowledges that the proceeds he obtained, directly or indirectly from his participation in the conspiracy to commit wire fraud, were commingled with personal assets and spent on daily living expenses and other personal expenditures and cannot be located upon the exercise of due diligence.  As such, Defendant agrees that his criminal proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court.

The parties further agree that Defendant should receive credit against the forfeiture money judgment sought by the United States for all funds Defendant pays

4

as restitution with the Clerk of the Court prior to the time of sentencing. Accordingly, for all funds the Defendant deposits with the Clerk of the Court as restitution prior to sentencing, the Government will move for a commensurate reduction in Defendant's forfeiture money judgment.

The U.S. Attorney's Office agrees to submit a restoration request to the Department of Justice Money Laundering and Asset Recovery Section for the application of any proceeds from such forfeited property towards Defendant's restitution order. Defendant acknowledges that the Department of Justice Money Laundering and Asset Recovery Section has the sole authority to grant or deny the restoration request and that the submission of such a request by the U.S. Attorney's Office does not guarantee that such request will be granted.

6.    <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

> Defendant knew Michael Goff through various social media platforms where they discussed exploiting, through legal means, incentive programs of various companies. Goff indicated to Defendant that he learned how to obtain loyalty rewards of Corporate Victim 1 without the required spending at Corporate Victim 1's stores. Goff and Defendant knew that they were stealing from Corporate Victim 1 by not spending their own money in Corporate Victim 1's stores to earn these loyalty rewards. Goff further indicated that he could populate loyalty accounts with these unearned rewards. Defendant agreed to help Goff attempt to spend the stolen rewards at various stores owned by Corporate Victim 1 and to communicate with Michael Goff about his experiences in spending the stolen rewards at the stores.

> After determining that they could spend the stolen rewards without detection, Defendant participated in a chat group on WhatsApp with Goff and several other individuals designed to further exploit, through illegal means,

5

the loyalty rewards program of Corporate Victim 1.  Specifically, Defendant learned that Goff and another known coconspirator developed a program to locate and connect to a private server of Corporate Victim 1 in the Western District of Michigan.  The program searched the private server that stored customer loyalty rewards until they were legitimately earned by a customer through a predefined level of spending.  The program developed by Goff and his coconspirator searched this private server, found the highest paying rewards, and populated fictitious customer loyalty accounts with rewards that were not earned.  Goff used this program to send wire transmissions from Illinois to the private server located in Kent County, Michigan, within the Western District of Michigan.  On many occasions during the period of about February 2021 until June 2021, Defendant used fraudulent customer loyalty accounts populated with stolen loyalty rewards to shop at various stores of Corporate Victim 1 located in the Midwest, including Michigan.  On most occasions, Michael Goff created and sent the fraudulent loyalty accounts with the stolen rewards to Defendant.  As a result, Defendant acquired approximately $20,000 in merchandise from Corporate Victim 1 without spending any of his own money but instead using Corporate Victim 1's money through the stolen loyalty rewards.

7.    Cooperation in Criminal Investigations.  Defendant agrees to fully cooperate with the Department of Homeland Security - Criminal Investigations, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the Felony Information, as well as the investigation of crimes over which they have actual or apparent jurisdiction.  Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects,

6

documents, and photographs.  Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity.  Defendant will not commit any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request.  Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

8.    Acceptance of Responsibility.  The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.  Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9.    Non-Prosecution Agreement.  The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of Defendant's participation in a scheme to defraud Corporate Victim 1's loyalty rewards program,

7

provided that the conduct is disclosed to the Government by Defendant or his attorney prior to the date of this agreement. Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

The U.S. Attorney's Office further agrees to forbear from bringing criminal charges against Defendant's spouse related to her spending of certain loyalty rewards of Corporate Victim 1.

10. Protection for the Proffered/Cooperative Statements. The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffers, and any information provided pursuant to Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffers. It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

11. Possibility of Sentence Reduction Motions. The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1 and/or Rule 35(b) of the Federal Rules of

8

Criminal Procedure.  Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others.  The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office.  Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence.  Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion.  Furthermore, if the Court were to grant the motion, the Court, not the Government, would decide how much of a departure motion or sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance.  Defendant acknowledges and agrees that Defendant may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

12.    The Sentencing Guidelines.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant.  Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and

9

recommendations concerning the calculation of the Guideline range and the sentence to be imposed.  Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement.  Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

13.    The Parties Jointly Agree to the Following:

a.    Stipulations Regarding Guideline Factors.  Defendant and the U.S. Attorney's Office agree and stipulate to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | [USSG § 2B1.1] |
| Specific Offense Characteristics (loss amount): | 6 | [USSG § 2B1.1(b)(1)(D)]* |

*Loss amount of more than $40,000 but less than $95,000.  Defendant's Guideline loss calculation should not exceed $72,894.63, the total stolen rewards redeemed by the conspiracy.  Pursuant to USSG § 1B1.3, Defendant's jointly undertaken criminal activity was narrower in scope than the acts of others.  Certain acts of other coconspirators not within the scope of Defendant's agreement, even if known or reasonably foreseeable to Defendant, are not relevant conduct. Defendant's role was limited to redeeming only a portion of the stolen rewards in Corporate Victim 1's stores that a coconspirator provided to Defendant, initially to help determine the viability of the scheme, and later for his own personal benefit.  It was reasonably

foreseeable to Defendant that others would be redeeming stolen rewards as part of the conspiracy. However, Defendant should not be held responsible for the intended loss of an additional $720,000.00 in stolen rewards that were stored by Goff in other fraudulent loyalty accounts of which he had no knowledge.

Defendant and the U.S. Attorney's Office each reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate.

b.    Stipulations Regarding Criminal History. There is no agreement as to the Defendant's criminal history or criminal history category.

c.    Stipulations Not Binding in Court. The Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty pleas].

14.    Waiver of Constitutional Rights. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public

11

trial by jury or by the Court.  As a result of Defendant's guilty plea, there will be no trial.  At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c.    The right to confront and cross-examine witnesses against Defendant.

d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

15.   Waiver of Appellate Rights. Defendant gives up his right to directly appeal his conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

16.   Hyde Waiver. Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

17.   The Court is not a Party to this Agreement. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

18.   This Agreement is Limited to the Parties. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

13

19.    Consequences of Breach.  If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

20.    This is the Complete Agreement.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

21.    Deadline for Acceptance of Agreement.  If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by 8/21/2025, this agreement will be withdrawn automatically and will

thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

TIMOTHY VERHEY
United States Attorney

_10/8/2025_
Date

_____
RONALD M. STELLA
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_8/20/2025_
Date

_____
SCOTT PETER COULIER
Defendant

I am Scott Peter Coulier's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_8/20/2025_
Date

_____
HEATH LYNCH
Attorney for Defendant

15