UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - -

UNITED STATES OF AMERICA,

                 Plaintiff,                No. 1:25-CR-148

      vs.                       Hon. Jane M. Beckering
                                     U.S. District Judge

SCOTT PETER COULIER,

                 Defendant.

_____/

## UNITED STATES' SENTENCING MEMORANDUM

### I.      INTRODUCTION

This Court will sentence Defendant, Scott Peter Coulier, on April 16, 2026.  The final presentence investigation report ("PSR") calculates a total offense level of 7 and a criminal history category of I, resulting in a range of imprisonment of 0 - 6 months' imprisonment.  There are no outstanding objections.  The United States agrees with the Probation Officer's recommendation that a term of incarceration is not necessary for Defendant; instead, this Court should order Defendant to serve a 2-year term of probation, pay restitution of $20,000.00, and impose a fine of $5,000.00.

### II.     RELEVANT BACKGROUND/OFFENSE CONDUCT

The PSR more than adequately explains the offense conduct.  Defendant participated in a conspiracy to commit wire fraud against a West Michigan retailer (Corporate Victim 1).  Co-defendant Michael Goff led the conspiracy, as he discovered how to use a series of numbers on a bar code associated with customer loyalty rewards issued by Corporate Victim 1 to populate other fraudulently created customer loyalty reward accounts with such rewards.  By doing so, Defendant

1

Goff was able to obtain and spend customer loyalty rewards in Corporate Victim 1's stores without earning the rewards through legitimate customer spending.  In short, the conspirators stole the customer loyalty rewards and, unlike any other member of the public, shopped for free in Corporate Victim 1's many retail locations.

Defendant Coulier's role in the conspiracy was limited.  Initially, as Defendant Goff discovered he could steal customer rewards, Defendant Coulier helped him test out the scheme by using the stolen rewards to shop at various retail locations and communicate with Defendant Goff, who was shopping in other stores (Government Restricted Access Ex. 1, texts 1-5).  As time progressed, Defendant simply asked Defendant Goff to populate his fraudulent customer loyalty accounts with more stolen rewards and shopped for free at various retail locations (Government Restricted Access Ex.1, slides 6-8).

### III.    LEGAL ARGUMENT AND AUTHORITIES

#### A.    Defendant's Cooperation Justifies a 2-Level Reduction in his Guideline Sentencing Range and a Probationary Sentence

After the United States executed a search warrant at Defendant's home, Defendant obtained counsel and immediately cooperated with authorities.  Defendant continued to cooperate throughout this prosecution.  Defendant's conduct justifies a 2-level downward departure and a probationary sentence.

Under U.S.S.G. § 5K1.1, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, a sentence that is below the otherwise applicable guideline range may be appropriate." U.S.S.G. § 5K1.1 (Policy Statement). Upon receiving such a motion from the government, whether and to what extent to downwardly depart from the sentencing guidelines range is within the sound discretion of the Court. *See United States v. Organek,* 65 F.3d 60, 63 (6th

Cir. 1995); *United States v. Snelling,* 961 F.2d 93, 97 (6th Cir. 1991). However, any such departure must be reasonable in light of the cooperation provided by the defendant. *Snelling*, 961 F.2d at 97.

Defendant was the first individual involved in the conspiracy to cooperate with the United States.  Defendant provided a complete and truthful proffer that included a description of his involvement in the conspiracy and useful information regarding Defendant Goff's role as the leader of the conspiracy.  His proffer interview gave the United States a more complete understanding of the scope of the conspiracy and the roles of the various players.  He also assisted in providing a better understanding of how the conspiracy exploited the customer loyalty rewards program of Corporate Victim 1.  Defendant ultimately testified in the grand jury and his cooperation assisted in the eventual guilty pleas of Defendants Goff and McCord.  For all these reasons, the United States has moved for and fully supports a 2-level reduction in Defendant's sentencing guideline calculation.

Additionally, the United States fully supports a sentence of probation, and not imprisonment, for Defendant.  The United States has no concerns that Defendant will recidivate. He has been genuinely and truthfully remorseful for his conduct, which clearly appears to be aberrant behavior that he will never repeat again.  He played a limited role in the conspiracy, mainly asking for and receiving stolen rewards so that he could shop for free, criminal conduct that was limited in time and scope.  All of this, in combination with the stain of a federal felony conviction, a significant event in his life moving forward, counsel if favor of the United States' support of the Probation Officer's recommendation for a probationary sentence.

B.      **Defendant's Restitution Obligation**

In accordance with Defendant's plea agreement, and the plea agreements of his co-conspirators, the United States requests that the Court order Defendant Michael Goff to pay

restitution in the total amount of $72,894.63 and Defendant Scott Coulier to pay restitution in the total amount of $20,000.  Defendant Goff should be held jointly and severally liable for restitution to Corporate Victim 1 with: (1) co-defendant Scott Coulier in the amount of $20,000; and (2) Matthew McCord, who was separately charged in this district in *United States v. Matthew McCord*, No. 1:26-CR-21 (hereinafter, the "Related Case"), in the amount of $72,894.63.[1] Likewise, Defendant Coulier should be held jointly and severally liable for restitution to Corporate Victim 1 with (1) co-defendant Michael Goff in the amount of $20,000; and (2) Matthew McCord, in the amount of $20,000.

Courts often impose joint and several liability for the total restitution amount on defendants whose combined conduct caused loss to the victim. *See United States v. Church*, 731 F.3d 530, 537 (6th Cir. 2013) (collecting cases). In awarding restitution in a case where more than one defendant contributed to the victim's loss, "the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h).  The Court is also empowered to combine the two approaches and apportion liability to limit the restitution obligation for some participants in a crime while concurrently holding other participants liable for the full amount of the loss, an approach sometimes identified as "hybrid restitution." *United States v. Yalincak*, 30 F.4th 115, 126 (2d Cir. 2022).  However, Courts have made clear that such hybrid restitution obligations are not satisfied until either a defendant has paid as much as she has been ordered to pay, or the victim has been made whole. *Id.*

---

[1] Defendant McCord is scheduled to be sentenced in front of Judge Green on June 29, 2026. In his plea agreement, Mr. McCord also agreed to pay $72,894.63 in restitution to the victim of the offense. (R.5, PageID.5, 1).

4

Lastly, to avoid any confusion in the execution of the judgment, the Government requests that the Court include "full payment" language in the judgment to ensure the victim is paid in full before any defendant is relieved of his individual obligation to pay restitution as ordered by the Court.  This means that Defendant Coulier, as the party assigned less than full restitution under the "hybrid restitution approach," does not receive the benefit of any payments by Defendant Goff and/or Defendant McCord, until they have paid more than $52,894.63.  Defendant Coulier's restitution judgment should read as follows:  "Restitution of $20,000.00, payable jointly and severally with Defendant Goff and Defendant McCord; however, Defendant Coulier does not receive the benefit of any payments by Defendant Goff and/or Defendant McCord until such time that those defendants payments have exceeded $52,894.63."[2]

### C.      The Court Should Impose a Fine of $5,000 as Additional Punishment

The Probation Officer has recommended a fine of $5,000.00, as additional punishment for Defendant Coulier's criminal conduct.  Pursuant to U.S.S.G. § 5E1.2, a fine of $5,000 is roughly the middle of the fine range suggested by the table whether Defendant Coulier's final offense level is 7 (the current calculation) or 5 (should this Court grant the government's motion under § 5K1.1).

The relevant guideline provides that a fine is appropriate to "reflect the seriousness of the offense . . . to promote respect for the law, to provide just punishment and to afford adequate

---

[2]   The United States believes that Defendant Goff has already paid restitution in full of $72,894.63, and Defendant Coulier paid $20,000.00 in restitution prior to the sentencing hearing. The United States urges the Court to enter the restitution judgment in full for all defendants with the "full payment" language suggested to properly memorialize their restitution obligations.  The Court will also need to address the proposed fines against both Defendants Goff and Coulier, which will only be paid after restitution is paid in full to the victim.  The United States, along with defense counsel, will submit appropriate post-judgment motions should the pre-sentencing hearing payments exceed the amount of the total of restitution and fines assessed against defendants.

deterrence." § 5E1.2(d)(1).  The Court can also consider "any evidence presented as to the defendant's ability to pay the fine" and "the expected costs to the government of any term of probation" or "any other pertinent equitable considerations." § 5E1.2(d)(2), (7) and (8).

On balance, the United States believes a fine of $5,000.00 is appropriate here.  As reflected in the PSR, Defendant Coulier has more than sufficient assets to pay a fine, which will help defray the costs to the government of monitoring him while on probation.  While the United States clearly supports the probationary sentence for Defendant Coulier under the present circumstances, this fraud could have been much more significant had law enforcement not executed search warrants so quickly and obtained Defendant's cooperation to help the Corporate Victim understand how the crime had been committed.  Imposition of a fine, in addition to the probationary sentence, will greatly assist in deterring the public from participating in similar schemes to defraud the customer loyalty programs of Corporate Victim 1 and other retailers.

## IV.  CONCLUSION

For all these reasons, the United States respectfully requests that this Court impose judgment against Defendant Coulier of 2 years' probation, a fine of $5,000.00, an order of restitution of $20,000.00, and a special assessment of $100.

TIMOTHY VERHEY
United States Attorney

Date: April 2, 2026                          /s/ Ronald M. Stella
                                             RONALD M. STELLA
                                             Assistant United States Attorney
                                             P.O. Box 208
                                             Grand Rapids, Michigan  49501-0208
                                             (616) 456-2404